IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

BRIAN J. FITZGERALD,                      :
                                          :
            Plaintiff,                    :   CIVIL ACTION
                                          :
      v.                                  :   No. 08-cv-3781
                                          :
BANK OF AMERICA CORPORATION and           :
BANK OF AMERICA CORPORATE                 :
SEVERANCE PROGRAM,                        :
                                          :
            Defendants.                   :

## MEMORANDUM AND ORDER

**Joyner, J.**                               **November 20, 2008**

## I. BACKGROUND

Before the court is Defendants' Motion to Dismiss
Plaintiff's Amended Complaint (Doc. No. 9), and responses thereto
(Doc. No. 10 and 13).  For the reasons set forth in this
Memorandum, the Motion is denied.

Plaintiff has alleged two counts in the Amended Complaint:
(1) violation of Employee Retirement Income Security Act of 1974
("ERISA"), 29 U.S.C. §1001 *et seq.* against Bank of America
Corporation ("BOA"); (2) violations of ERISA, 29 U.S.C. §1001 *et
seq.* against the Bank of America Corporate Severance Program
("the Plan").

Plaintiff, Mr. Fitzgerald, was an employee of U.S. Trust
beginning September 2005 and was placed in the Philadelphia

1

office as a Business Development Officer.  In the summer of 2006,
U.S. Trust directed Fitzgerald to start work in the Investment
Specialist department and in October 2008, he began work as an
Investment Specialist in New York City, answering to the Head of
Investment Strategy.[1]  In January 2007, U.S. Trust told
Fitzgerald to return to Philadelphia as a Senior Sales
Representative and soon after his return, he was informed that he
would not have a future career with BOA.  Fitzgerald inquired
about his position in BOA and his severance options, but was told
that he could not receive severance unless and until he was
terminated by Bank of America.  In anticipation of a future
merger between BOA and US Trust, in April 2007, while still
working for US Trust, Fitzgerald received a "Transition
Assistance Policy," including a "Guide to the Corporate Severance
Program."  See Amend. Comp. Exh A.  On July 1, 2007, the merger
was carried out and Fitzgerald became a BOA employee.  On March
24, 2008, Fitzgerald was told he was to be terminated as of March
28.

Plaintiff's counsel then sent a letter to a Human Resources
Executive at US Trust/BOA on March 25, 2008, asserting that
Fitzgerald was entitled to severance and stating that if an

---

[1]As this is a 12(b)(6) Motion to Dismiss, we will "accept all factual
allegations as true, construe the complaint in the light most favorable to the
plaintiff, and determine whether, under any reasonable reading of the
complaint, the plaintiff may be entitled to relief."  Phillips v. County of
Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (citations omitted).

amicable solution was not reached shortly, an action would be filed.  Amend. Comp., Exh. A-3.  Ann Marie Wiertel, a member of the legal department at BOA, conducted an investigation within BOA into plaintiff's situation and replied to plaintiff's counsel on May 8, 2008, asserting that plaintiff was *not* entitled to severance.  Id. at Exh. A-4.  Plaintiff's counsel then replied, asking that Ms. Wiertel reconsider the denial, and she responded on June 5, 2008, declining to do so based on the same information that was presented in the previous denial.  Id. at Exhs. A-5, A-6.  Finally, plaintiff's counsel filed a letter styled as an "Appeal from Denial of Severance Benefits" directed to the Benefits Committee and sent to BOA's counsel on August 25, 2008.  Id. at Exh. A-7.  The Benefits Appeal Committee denied plaintiff's appeal in a letter dated October 31, 2008.

This action was originally filed by the plaintiff in state court on June 30, 2008, but was removed to this Court based on the federal ERISA claims on August 8, 2008.  The state claims were dismissed as preempted and the plaintiff was given leave to file an Amended Complaint, which he did on September 10, 2008.  Defendants then filed the instant Motion to Dismiss both Counts I and II of Plaintiff's Amended Complaint.

## II. STANDARD OF REVIEW

In response to a pleading, under Federal Rule of Civil

Procedure 12(b)(6), a Defendant may assert by motion that the Plaintiff's complaint "[fails] to state a claim upon which relief can be granted."  In analyzing a Rule 12(b)(6) motion to dismiss, we "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."  <u>Phillips v. County of Allegheny</u>, 515 F.3d 224, 233 (3d Cir. 2008) (citations omitted). "To survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level . . . .'"  Id. at 232 (quoting Bell Atl. Corp. v. Twombley, 127 S. Ct. 1955, 1965, 167 L. Ed. 929, 940 (2007)).  In other words, the plaintiff must provide "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s]" of a particular cause of action.  <u>Id.</u> at 234.  In ruling on a Rule 12(b)(6) motion to dismiss, the court may consider documents "integral to or explicitly relied upon in the complaint."  In re Rockefeller Sec. Lit., 184 F.3d 280, 287 (3d Cir. 1999).

## **III. Discussion**

### **A. Count I: ERISA Violations against Bank of America Corporation**

In pursuing his claims, Plaintiff has alleged ERISA violations against the Bank of America Corporation, due to the fact that they sponsor the Plan under which he is claiming

4

benefit and allegedly perform an administerial function.  Bank of America has argued that it is not a proper defendant in the action because, under the relevant sections of ERISA, the only proper defendant is the Bank of America Corporate Severance Program and, as such, the claim against it should be dismissed.

Plaintiff's claim is for severance benefits that he alleges are due him from the Plan, and as such, his ERISA claim falls under ERISA § 502(a)(1)(B).[2]  Plaintiff argues that he is able to bring the ERISA claim against both BOA and the Severance Program because § 502(a)(3) allows for claims against the party charged with making determinations under a benefit plan.  However, only one section of ERISA may be applied to the present action.  The Supreme Court has held that "where Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief, in which case such relief normally would not be 'appropriate.'"  Varity Corp. v. Howe, 516 U.S. 489, 515, 134 L. Ed. 2d 130, 116 S. Ct. 1065 (1996) (quoting Massachusetts Mut. Life Ins. Co. v. Russell, 473 U.S. 134, 147, 87 L. Ed. 2d 96, 105 S. Ct. 3085 (1985)).  Thus, § 502(a)(3) operates as a "catchall" or "safety net" and claims that may overlap both sections are appropriate only under the more specific section, § 502(a)(1)(B).  Id. at 512.  "The Supreme

---

[2] ERISA § 502(a)(1)(B) states "A civil action may be brought – (1) by a participant or beneficiary – (B) to recover benefits due to him under the terms of his plan to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."

Court has made it clear that the equitable remedies contained in
(a)(3) may not be invoked when some other subsection of § 1132(a)
provides adequate relief for the alleged violation." Corsini v.
United Healthcare Corp., 51 F. Supp. 2d 103, 105 (D.R.I. 1999).
Hence, this claim will be analyzed as a claim pursuant to §
502(a)(1)(B).

In pursuing claims under § 502(a)(1)(B), the Circuit Courts,
and district courts within the Third Circuit, are split as to who
may be a proper defendant: either the Plan only or the Plan and
its fiduciaries.[3],[4] Sparks v. Duckrey Enters. Health Adm'rs, No.

---

[3]For a discussion of the split between circuit courts, see Sparks v.
Duckrey Enters. Health Adm'rs, No. 05-2178, 2007 U.S. Dist. LEXIS 6540, 2007
WL 320260, at *17-18 (E.D. Pa. Jan. 30, 2007) (citing Gelardi v. Pertec
Computer Corp., 761 F.2d 1323, 1324-25 (9th Cir. 1985); Hall v. Lhaco, Inc.,
140 F.3d 1190, 1196 (8th Cir. 1998). For a full discussion of current
district court precedent, see Sparks, 2007 U.S. Dist. LEXIS 6540, at *18
(citing Hall v. Glenn O. Hawbaker, Inc., No. 06-1101, 2006 U.S. Dist. LEXIS
81760, 2006 WL 3250869, at *9 (M.D. Pa. Nov. 8, 2006); Briglia v. Horizon
Healthcare Servs., No. 03-6033, 2005 U.S. Dist. LEXIS 18708, 2005 WL 1140687,
at *5 (D.N.J. May 13, 2005); Guiles v. Metro. Life Ins. Co., No. 00-5029, 2002
U.S. Dist. LEXIS 2393, 2002 WL 229696, at *1 (E.D. Pa. Feb 13, 2002); Tylwalk
v. Prudential Ins. Co., No. 2004-222J, 2006 U.S. Dist. LEXIS 70513, 2006 WL
2815806, at *3 (W.D. Pa. Sept. 28, 2006); Cimino v. Reliance Std. Life Ins.
Co., No. 00-2088, 2001 U.S. Dist. LEXIS 2643, 2001 WL 253791, at *3 n.2 (E.D.
Pa. March 12, 2001); Moore v. Hewlett-Packard Co., No. 99-2928, 2000 U.S.
Dist. LEXIS 4437, 2000 WL 361680, at *4 (E.D. Pa. April 6, 2000); Vaughn v.
Metro. Life Ins. Co., 87 F. Supp. 2d 421, 425 (E.D. Pa. 2000)).

[4]Defendants contend that the Plan is the only proper defendant and cite
to Bixler v. Central Pa. Teamsters Health and Welfare Fund in support. 12 F.
3d 1292, 1297 (3d Cir. 1993) ("while a 502(a)(1)(B) claim may be properly
asserted against an ERISA plan, it cannot be raised against an employer.")
(quoting Bixler v. Central Pa. Teamsters Health & Welfare Fund, No. 92-479,
mem. op. at 10 (M.D. Pa. Jan. 14, 1993)). However, in this opinion, it
appears that the Third Circuit was reciting the lower court's findings within
a section entitled "Procedural History" without ruling on the matter.
Further, it ultimately reversed the grant of summary judgment for the employer
and remanded the case to the district court. Other recent district courts
have noted the split within the Circuit and acknowledged the lack of precedent
from the Third Circuit and we agree with that assessment of the law as it now
exists.

05-2178, 2007 U.S. Dist. LEXIS 6540, 2007 WL 320260, at *17-
18(E.D. Pa. Jan. 30, 2007) ("The circuits are split, however, as
to who constitutes a proper defendant to [a 502(a)(1)(B)] action.
. . . The United States Court of Appeals for the Third Circuit
has never directly addressed the issue of who constitutes a
proper defendant to a § 502(a)(1)(B) claim, and district courts
in the circuit are divided."). If this Court were to decide that
fiduciaries would be permissible defendants in § 502(a)(1)(B)
actions, we would also then be compelled to decide whether BOA
would qualify as a fiduciary in this instance.[5] Given the
undeveloped state of the record and the split in authority, this
Court finds that the summary judgment stage would be more
appropriate for determining the questions at issue. Accordingly,
Defendants' Motion to Dismiss Count I of the Amended Complaint is
denied.

## B. Count II: ERISA violations against Bank of American Corporate Severance Program

---

[5]"ERISA provides: person is a fiduciary with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan. Such term includes any person designated under section 1105(c)(1)(B) of this title." Briglia, 2005 U.S. Dist. LEXIS 18708, at *20-21 (citing 29 U.S.C. § 1002(21)(A)). Plaintiff argues that BOA has administrative discretion over the Plan and is, hence, a proper defendant.

## 1. Exhaustion of Administrative Remedies

Defendants argue that Plaintiff has not exhausted his administrative remedies and is therefore barred from proceeding in this action pursuant to Art. IV, 4.6(e)(3) of the Plan.[6] Plaintiff, however, contends that he has exhausted his administrative remedies and that, in the alternative, he should be excused from exhaustion requirements due to procedural defects in the process on the part of defendants.

Exhaustion of administrative remedies is a prerequisite in ERISA cases. See Harrow v. Prudential Ins. Co. of America, 279 F.3d 244, 249 (3d Cir. 2002) ("Except in limited circumstances, a federal court will not entertain an ERISA claim unless the plaintiff has exhausted the remedies available under the plan." (quoting Weldon v. Kraft, Inc., 896 F.2d 793, 800 (3d Cir. 1990)). In this instance, the plaintiff requested severance benefits in a timely manner and was denied by defendant within a reasonable period of time.[7] This denial by letter on May 8, 2008, however, did not conform to Art IV, 4.6(b)(3) of the Plan, which requires Plan administrators to advise plaintiff of review

---

[6]Art. IV, 4.6(e)(3) is one of the four procedural requirements necessary to exhaust remedies. It states, "[t]he claimant has filed a timely written appeal with the Committee for review of the denied claim."

[7]Defendants claim that plaintiff did not follow the administrative procedures because he did not send his appeal directly to the Corporate Benefits Committee, but to Bank of America's counsel, with instruction that it be accepted on behalf of the Corporate Benefits Committee. However, it is clear from the letter that plaintiff directed it to the Committee and it was received and timely decided by the Committee, thereby completing the appeal requirement as set out in the Plan.

procedures.  Plaintiff then filed a reconsideration of this denial four days later on May 12, 2008, and defendants responded with a denial on June 5, 2008, but again failed to direct plaintiff as to the proper course of review.  Plaintiff filed an "appeal" on August 25, 2008, approximately one hundred and nine (109) days after the first denial and approximately eighty-one (81) days after the second denial.  Defendants claim that, if we consider the alleged triggering act of Fitzgerald's claim for severance his March termination, then the original May 8th denial should have been appealed within ninety (90) days in accordance with the Plan's timeline and was, thus, untimely at one hundred and nine (109) days.

In general, procedural defects in the administrative process do not excuse exhaustion on the part of the plaintiff.  <u>See</u> Majka v. Prudential Ins. Co. of Am., 171 F. Supp. 2d 410, 416 (D.N.J. 2001) (holding that procedural inadequacies did not excuse a failure to appeal); Grumbine v. Teamsters Pension Trust <u>Fund of Philadelphia & Vicinity</u>, 638 F. Supp. 1284, 1287 (E.D.Pa. 1986) ("Even if [the defendant] did provide the [plaintiffs] with inadequate information, plaintiff would still be required to follow the [defendant's] appeal procedures.").  Clearly, then, for his case to be considered by this Court, plaintiff must not have bypassed his administrative remedies.

In this case, plaintiff has filed his claim and his appeal

within reasonable periods of time following his March termination.  In addition, plaintiff was not advised by BOA, as required by the Plan, in the initial denial letter that he had ninety (90) days from the denial to appeal this decision for review.  Amend. Comp., Exh. A-4  Defendants also sent a second denial of plaintiff's request a full month after plaintiff's second letter, restating the same position from their earlier letter and again failing to advise plaintiff of the review process.  Id. at Exh. A-6.  Hence, this Court considers that defendants had two opportunities to advise plaintiff of the procedures and that they could have responded more promptly to plaintiff's second letter in which they reiterated the same information as in the first.  This Court also notes that the appeal was filed by the plaintiff within a reasonable period of time after either of the denials.  Thus, as plaintiff has requested severance, been denied, appealed for review of his decision and been denied by the Benefits Appeal Committee, we will not dismiss his claim for failure to exhaust administrative remedies. See Appeal Denial, Oct. 31, 2008.  As the plaintiff has exhausted his administrative remedy, we move to whether he has adequately pled his ERISA claims.

**2. ERISA Claim against the Plan**

The standard of review this Court will ultimately use in reviewing the decision by the Plan administrator is determined by

10

a two-part analysis, involving the administrator's grant of authority within the Plan and any possible conflict of interest between the employer and the Plan.  Pinto v. Reliance Standard Life Ins. Co., 214 F.3d 377, 387 (3d Cir. 2000); Thorpe v. Cont'l Cas. Co., No. 01-5932, 2002 U.S. Dist. LEXIS 24405, 2003 WL 302401, at *6-7 (E.D. Pa. Dec. 18, 2002).  In this case, it appears clear that the Plan gave complete discretionary authority to the administrator to the full extent of the law,[8] and, hence, a *de novo* review would be inappropriate and this Court will use some level of the arbitrary and capricious standard.[9]  Firestone Tire and Rubber Co. v. Bruch, 489 U.S. 101, 115, 103 L. Ed. 2d 80, 109 S. Ct. 948 (1989); Abnathya v. Hoffmann-La Roche, Inc., 2 F.3d 40, 41, 45-46 (3d Cir. 1993).  Plaintiff and defendants

---

[8]"The Committee shall have discretionary authority to determine eligibility for and to construe the terms of the Plan.  The Committee shall have such other discretionary authority as may be necessary to enable it to discharge the responsibilities under the Plan, including, but not limited to, the power to: (1) Resolve disputes concerning eligibility and participation in the Plan and the amount of transition assistance, including severance pay, available to an Eligible Associate, including the ability to make factual determinations. (2) Delegate responsibility for the administration of the Plan, including the authority to review denied claims, and appoint or employ one or more persons to assist in the administration of the Plan or to render advice with regard to any of its responsibilities under the Plan. . . . ." Amend. Comp., Exh A-1 (The Plan) Art. IV, 4.3(a).

[9]Plaintiff argues that this Court should review all factual determinations of the Plan administrator *de novo* and cites Luby v. Teamsters Health, Welfare, and Pension Trust Funds, in support.  944 F.2d 1176 (3d Cir. 1991).  However, the Court in Mitchell clearly stated that "[a]s we have explained, Luby did not hold that district courts must exercise *de novo* review over all factual determinations by ERISA plan administrators.  Rather, it held that *de novo* review of factual determinations, like plan interpretations, is appropriate *if the plan does not grant the plan administrator discretion to make those determinations*." Mitchell v. Eastman Kodak Co., 113 F.3d 433, 438 (3d Cir. 1997) (alteration in original).  Thus, as the Plan grants full discretion to the plan administrator, this Court will not review factual determinations *de novo*.

11

disagree about whether a conflict of interest could exist between
the Plan and BOA and, therefore, whether a heightened arbitrary
and capricious standard would apply.[10] <u>Thorpe</u>, 2002 U.S. Dist.
LEXIS 24405, at *7-8 ("In this Circuit, the amount of deference
given to the insurer under the heightened arbitrary and
capricious standard is determined on a case-by-case basis along a
sliding scale.") (citing <u>Pinto v. Reliance Standard Life Ins.
Co.</u>, 214 F.3d 377, 392 (3d Cir. 2000)).  This Court finds that,
while it seems likely that no conflict exists,[11] it would be
inappropriate to make a finding at this early stage without
considering the relevant factors that determine where on the
"sliding scale" of the arbitrary and capricious standard this
claim lies.  This determination is more appropriate at the

---

[10]The existence of a conflict of interest is a determination made after
weighing factors related to the Plan's independence from the employer. The
Court should consider a number of factors when assessing the conflict of
interest flowing from <u>Pinto v. Reliance Standard Life Ins. Co.</u>, 214 F.3d 377,
392 (3d Cir. 2000), including "how the plan is funded, if the plan is
administered by an entity independent from the employer-employee relationship,
whether the decisionmaker has any reason to be concerned about
employer-employee relations, and the amount of money that is at stake in the
decision at issue."  <u>Thorpe</u>, 2002 U.S. Dist. LEXIS 24405, at *8-9.  "In other
words, a court should look at any and all factors that might show a bias and
use common sense to put anywhere from a pinky to a thumb on the scale in favor
of the administrator's analysis and decision."  <u>Id.</u> (citing <u>Gritzer v. CBS,
Inc.</u>, 275 F.3d 291, 295 n.3 (3d Cir. 2002) (citations omitted)).

[11]In <u>Abanthya v. Hoffman-La Roche, Inc.</u>, 2 F.3d 40, 45 n.5 (3d Cir.
1993), the Third Circuit found no conflict between a Plan and an employer
where the employer acted as administrator of the Plan, but made fixed
contributions to the Plan's funds, which was held by a separate Trustee, and
the Plan provided that these monies were to be used for benefits and payments
under the Plan.  The Court reasoned that the employer, therefore, "incur[ed]
no direct expense as a result of the allowance of a benefit, nor d[id] it
benefit directly from the denial or discontinuation of benefits."  <u>Id.</u> (citing
<u>Woolsey v. Marion Laboratories, Inc.</u>, 934 F.2d 1452, 1459 (10th Cir. 1991)).
Defendants argue that the Plan at issue in this case is structured in the same
way and, hence, has no conflict of interest with BOA.

summary judgment stage, as defendants have already begun to supplement the Pleadings with evidence, such as an affidavit describing the Plan structure.  See Def. Reply Brf., Exh. A. Hence, we decline to make a finding at this stage regarding the standard of review as to any possible conflict that could indicate a less deferential standard.

Notably, no matter what level of the "sliding scale" of the arbitrary and capricious standard of review is ultimately used, this Court's review will be limited to the record before the Plan administrator and will not consider any outside evidence. Mitchell v. Eastman Kodak Co., 113 F.3d 433, 440 (3d Cir. 1997) ("Under the arbitrary and capricious standard of review, the 'whole' record consists of that evidence that was before the administrator when he made the decision being reviewed."); see also Thorpe, 2002 U.S. Dist. LEXIS 24405, at *9 (limiting its review to the administrative record using a heightened arbitrary and capricious standard).[12]

Overall, plaintiff's claim for severance benefits under the

---

[12]Plaintiff contends that any failure on the part of the defendants to follow procedure would negate the requirement that this Court consider only the administrative record and cites to Freiss v. Reliance Standard Life Ins. Co., 122 F. Supp. 2d 566, 572 (E.D. Pa. 2000) in support.  However, plaintiff's reliance on a quotation in Freiss is misplaced.  The full sentence, excerpted by plaintiff, refers to the arbitrary and capricious standard of review and states, "[u]nder that highly deferential standard of review, a court must defer to the administrator's decision unless the decision 'is not clearly supported by the evidence in the record or the administrator has failed to comply with the procedures required by the plan." Id. (quoting Abnathya, 2 F.3d at 41).  Thus, this Court could conclude that, as a result of the plan administrator's failure to comply with procedures, the decision was arbitrary and capricious and should be overturned; however, this does not open the door to new evidence that was not a part of the administrative record.

Plan involves potentially complex questions, including the standard of review to be used in assessing the Plan administrator's denial and the evidence related to plaintiff's March 2008 termination.  Additionally, there is a question of fact as to the timeline of events, as defendants allege that plaintiff's claim before the administrator related only to his January 2007 demotion or transfer, while plaintiff alleges that his attempt to claim the severance benefits is, and always has been, in relation to his March 2008 termination.  The documents presented in the record before the Plan administrator, as submitted in the Amended Complaint, are arguably ambiguous as to this crucial fact.  Finally, the evidence that defendants use in supporting their contention that plaintiff was fired for cause, and therefore not entitled to severance, is not before the Court and, hence, we are not in the position to make a determination as to whether the administrator's decision was unsupported.[13]

In the light most favorable to the plaintiff, he has adequately pled that the denial of his benefits following his March 2008 termination may have violated ERISA § 502(a)(1)(B) and, as such, the Motion to Dismiss Count II is denied.

---

[13]Defendants refer generally to poor performance reviews and interviews with plaintiff's supervisor that were used to make a decision in plaintiff's case and are not before the Court at this time.  See Def. Resp. Brf. 20.

14

```
                IN THE UNITED STATES DISTRICT COURT
               FOR THE EASTERN DISTRICT OF PENNSYLVANIA


BRIAN J. FITZGERALD,                  :
                                      :
              Plaintiff,              :    CIVIL ACTION
                                      :
         v.                           :    No. 08-cv-3781
                                      :
BANK OF AMERICA CORPORATION and       :
BANK OF AMERICA CORPORATE             :
SEVERANCE PLAN,                       :
                                      :
              Defendants.             :
```

<u>ORDER</u>

AND NOW, this   20th   day of November, 2008, upon consideration of Defendants' Motion to Dismiss Plaintiff's First Amended Complaint (Doc. No. 9), Plaintiff's Response thereto (Doc No. 10), and Defendants' Reply (Doc. No. 11), it is ordered that the Motion is DENIED for reasons set out in the attached Memorandum.

BY THE COURT:

s/J. Curtis Joyner
J. CURTIS JOYNER, J.