IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

BRIAN J. FITZGERALD, :
:
        Plaintiff, : CIVIL ACTION
:
  v. : No. 08-cv-3781
:
BANK OF AMERICA CORPORATION and :
BANK OF AMERICA CORPORATE :
SEVERANCE PROGRAM, :
:
        Defendants. :

**MEMORANDUM AND ORDER**

**Joyner, J.**                                                                      **November 10, 2009**

### I. BACKGROUND

Before the court is Defendants' Motion for Summary Judgment (Doc. Nos. 29, 30). For the reasons set forth in this Memorandum, the Motion is granted.

Plaintiff has alleged two counts in the Amended Complaint: (1) violation of Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001 *et seq*. against Bank of America Corporation ("BOA"); (2) violations of ERISA, 29 U.S.C. §1001 *et seq*. against the Bank of America Corporate Severance Program ("the Plan").

Plaintiff, Mr. Fitzgerald, was an employee of U.S. Trust beginning September 2005 and was placed in the Philadelphia office as a Business Development Officer. In the summer of 2006,

1

U.S. Trust directed Fitzgerald to start work in the Investment Specialist department. In January 2007, U.S. Trust told Fitzgerald to return to Philadelphia as a Senior Sales Representative and soon after his return, he was informed that he would have a future career with BOA. Defendants', however, claim that Fitzgerald was never offered a position as an Investment Specialist at U.S. Trust and cite several emails which reflect this fact.

Fitzgerald inquired about his position in BOA and his severance options, but was told that he could not receive severance unless and until he was terminated by BOA. Defendants' claim that as a result of the merger between BOA and U.S. Trust, Fitzgerald's title changed from Senior Sales Representative to Private Client Consultant and that Plaintiff did not suffer a job elimination in connection with the merger. Plaintiff, however, alleges that his position as an Investment Specialist was terminated when the merger was completed on July 1, 2007.

In anticipation of a future merger between BOA and U.S. Trust, in April 2007, while still working for U.S. Trust, Fitzgerald received a "Transition Assistance Policy," including a "Guide to the Corporate Severance Program." On July 1, 2007, the merger was carried out and Fitzgerald became a BOA employee. Later, on March 24, 2008, Fitzgerald was told he was to be terminated as of March 28 for what BOA claims were performance

2

based reasons after he received several warnings regarding his performance deficiencies.

Plaintiff's counsel then sent a letter to a Human Resources Executive at BOA on March 25, 2008, asserting that Fitzgerald was entitled to severance and stating that if an amicable solution was not reached, an action would be filed. Ann Marie Wiertel, a member of the legal department at BOA, conducted an investigation within BOA into Plaintiff's situation and replied to Plaintiff's counsel on May 8, 2008, asserting that Plaintiff was not entitled to severance. Plaintiff's counsel then replied, asking that Ms. Wiertel reconsider the denial, and she responded on June 5, 2008, declining to do so based on the same information that was presented in the previous denial. Finally, Plaintiff's counsel filed a letter captioned as an "Appeal from Denial of Severance Benefits" directed to the Benefits Committee and sent to BOA's counsel on August 25, 2008. The Benefits Appeal Committee denied Plaintiff's appeal in a letter dated October 31, 2008.

Defendants claim that Plaintiff was fired for performance reasons. Defendants cite several documents showing that Plaintiff received a negative or "does not meet expectations" rating in 2006 and 2007. Additionally, the Administrative Record provided by Defendants show records of several verbal warnings which were issued to Fitzgerald during 2007 and early 2008 which culminated in his termination.

This action was originally filed by the Plaintiff in state court on June 30, 2008, but was removed to this Court based on the ERISA claims on August 8, 2008. The state claims were dismissed as preempted by ERISA and Plaintiff was given leave to file an Amended Complaint, which he did on September 10, 2008. Defendants then filed a Motion to Dismiss both Counts I and II of Plaintiff's Amended Complaint which was denied.

## **II. STANDARD OF REVIEW**

Summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Material facts are those that may affect the outcome of the suit. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). An issue of material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248. If the moving party establishes the absence of a genuine issue of material fact, the burden shifts to the non-moving party to "do more than simply show there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). If the non-moving party bears the burden of persuasion at trial, "the moving party may meet its burden on summary judgment by showing that the nonmoving party's evidence

4

is insufficient to carry that burden." Kaucher v. County of Bucks, 456 F.3d 418, 423 (3d Cir. 2006) (quoting Wetzel v. Tucker, 139 F.3d 380, 383 n. 2 (3d Cir. 1998)).

As this Court decided in its May 28, 2009, Order, we will use a deferential abuse of discretion standard of review in conducting our review. Courts reviewing the decisions of ERISA plan administrators or fiduciaries in civil enforcement actions brought pursuant to 29 U.S.C. § 1132(a)(1)(B) should apply a deferential abuse of discretion standard of review across the board and consider any conflict of interest as one of several factors in considering whether the administrator or the fiduciary abused its discretion. Estate of Schwing v. Lilly Health Plan, 562 F.3d 522, 525 (3d Cir. 2009) (citations omitted). We also recognize that, as in Schwing, "[o]ur prior caselaw referenced an 'arbitrary and capricious' standard of review, while Glenn describes the standard as 'abuse of discretion.' We . . . recognize[] that, at least in the ERISA context, these standards of review are practically identical." Schwing, 562 F.3d at 526 n. 2 (citing Abnathya v. Hoffmann-La Roche, Inc., 2 F.3d 40, 45 n.4 (3d Cir. 1993)).

## III. Discussion

**A. Viability of ERISA Claims against Bank of America Corporation**

Count I of Plaintiff's Amended Complaint asserts a claim

under ERISA § 502(a)(1)(B) against BOA. In pursuing his claims, Plaintiff has alleged ERISA violations against the BOA, due to the fact that they sponsor the Plan under which he is claiming benefit and allegedly perform an administerial function. Bank of America has argued that it is not a proper defendant in the action because, under the relevant sections of ERISA, the only proper defendant is the Bank of America Corporate Severance Program and, as such, the claim against it should be dismissed. Plaintiff's claim is for severance benefits that he alleges are due him from the Plan, and as such, his ERISA claim falls under ERISA § 502(a)(1)(B).

In pursuing claims under § 502(a)(1)(B), courts within the Third Circuit are split as to who may be a proper defendant: either the Plan only or the Plan and its fiduciaries.[1] However,

---

[1] For a discussion of the split between circuit courts, see Sparks v. Duckrey Enters. Health Adm'rs, No. 05-2178, 2007 U.S. Dist. LEXIS 6540, 2007 WL 320260, at *17-18 (E.D. Pa. Jan. 30, 2007) (citing Gelardi v. Pertec Computer Corp., 761 F.2d 1323, 1324-25 (9th Cir. 1985); Hall v. Lhaco, Inc., 140 F.3d 1190, 1196 (8th Cir. 1998)). For a full discussion of current district court precedent, see Sparks, 2007 U.S. Dist. LEXIS 6540, at *18 (citing Hall v. Glenn O. Hawbaker, Inc., No. 06-1101, 2006 U.S. Dist. LEXIS 81760, 2006 WL 3250869, at *9 (M.D. Pa. Nov. 8, 2006); Briglia v. Horizon Healthcare Servs., No. 03-6033, 2005 U.S. Dist. LEXIS 18708, 2005 WL 1140687, at *5 (D.N.J. May 13, 2005); Guiles v. Metro. Life Ins. Co., No. 00-5029, 2002 U.S. Dist. LEXIS 2393, 2002 WL 229696, at *1 (E.D. Pa. Feb 13, 2002); Tylwalk v. Prudential Ins. Co., No. 2004-222J, 2006 U.S. Dist. LEXIS 70513, 2006 WL 2815806, at *3 (W.D. Pa. Sept. 28, 2006); Cimino v. Reliance Std. Life Ins. Co., No. 00-2088, 2001 U.S. Dist. LEXIS 2643, 2001 WL 253791, at *3 n.2 (E.D. Pa. March 12, 2001); Moore v. Hewlett-Packard Co., No. 99-2928, 2000 U.S. Dist. LEXIS 4437, 2000 WL 361680, at *4 (E.D. Pa. April 6, 2000); Vaughn v. Metro. Life Ins. Co., 87 F. Supp. 2d 421, 425 (E.D. Pa. 2000)).
Defendants contend that the Plan is the only proper defendant and cite to Bixler v. Central Pa. Teamsters Health and Welfare Fund in support. 12 F. 3d 1292, 1297 (3d Cir. 1993) ("while a 502(a)(1)(B) claim may be properly asserted against an ERISA plan, it cannot be raised against an employer.") (quoting Bixler v. Central Pa. Teamsters Health & Welfare Fund, No. 92-479, mem. op. at 10 (M.D. Pa. Jan. 14, 1993)). However, in this opinion, it

6

this Court declines to decide between these two differing viewpoints as Plaintiff failed to exhaust his administrative remedies and therefore this Court does not have to reach this issue as summary judgment is granted in favor of Defendants based on Plaintiff's failure to exhaust.

**B. Counts I and II: ERISA violations against Bank of America and Bank of America Corporate Severance Program**

   **1. Exhaustion of Administrative Remedies**

Defendants argue that Plaintiff has not exhausted his administrative remedies and is therefore barred from proceeding in this action pursuant to Art. IV, 4.6(e)(3) of the Plan.[2] Plaintiff, however, contends that he has exhausted his administrative remedies and that, in the alternative, he should be excused from exhaustion requirements due to procedural defects in the process on the part of Defendants.

Exhaustion of administrative remedies is a prerequisite in ERISA cases. See Harrow v. Prudential Ins. Co. of America, 279 F.3d 244, 249 (3d Cir. 2002) ("Except in limited circumstances, a

---

appears that the Third Circuit was reciting the lower court's findings within a section entitled "Procedural History" without ruling on the matter. Further, it ultimately reversed the grant of summary judgment for the employer and remanded the case to the district court. Other recent district courts have noted the split within the Circuit and acknowledged the lack of precedent from the Third Circuit and we agree with that assessment of the law as it now exists.

[2] Art. IV, 4.6(e)(3) is one of the four procedural requirements necessary to exhaust remedies. It states, "[t]he claimant has filed a timely written appeal with the Committee for review of the denied claim."

federal court will not entertain an ERISA claim unless the plaintiff has exhausted the remedies available under the plan." (quoting Weldon v. Kraft, Inc., 896 F.2d 793, 800 (3d Cir. 1990)). In this instance, Plaintiff failed to request severance benefits in a timely manner. The key issue is whether Plaintiff was seeking benefits based on his termination on March 24, 2008 or the termination of his position as an Investment Specialist on July 1, 2007.

It is clear to this Court based on the letters attached to Plaintiff's complaint and numerous letters back and forth between Plaintiff and Defendants in the administrative record, that Plaintiff was seeking benefits for what he alleges was the initial termination of his position as an Investment Specialist on July 1, 2007. In Plaintiff's first letter to Defendant on March 28, 2008, Plaintiff clearly refers to the alleged termination of this position as an Investment Specialist as the reason he is entitled to severance benefits. Plaintiff's letter was written on March 25, 2008 which was far more than six months after the alleged termination of his Investment Specialist position in July 2007. Therefore, Plaintiff failed to timely exhaust his administrative remedies in accordance with the Plan. As a result, this Court grants summary judgment in favor of Defendants.

However, even excusing Plaintiff's failure to exhaust,

summary judgment should be granted in favor of Defendants because the Plan administrator conducted a thorough investigation which more than passes the arbitrary and capricious standard of review. Under the arbitrary and capricious standard, a court may overturn a denial of benefits only if it is without reason, unsupported by the evidence or erroneous as a matter of law. Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115; Courson v. Bert Bell NFL Player Retirement Plan, 214 F.3d 136, 142 (3d Cir. 2000). Courts reviewing the decisions of ERISA plan administrators or fiduciaries in civil enforcement actions brought pursuant to 29 U.S.C. § 1132(a)(1)(B) should apply a deferential abuse of discretion standard of review across the board and consider any conflict of interest as one of several factors in considering whether the administrator or the fiduciary abused its discretion. Schwing, 562 F.3d at 525 (citations omitted). "We note that ERISA fiduciaries are not required to engage independent counsel to aid in their interpretation and administration of an ERISA plan . . . ." Id. at 526. A plan administrator has discretion when interpreting the terms of the plan; however, the interpretation may not controvert the plain language of the document. Gaines v. Amalgamated Ins. Fund, 753 F.2d 288, 289 (3d Cir. 1985). This Court's review will be limited to the record before the Plan administrator and will not consider any outside evidence. Mitchell v. Eastman Kodak Co., 113 F.3d 433, 440 (3d

Cir. 1997) ("Under the arbitrary and capricious standard of review, the 'whole' record consists of that evidence that was before the administrator when he made the decision being reviewed.").

The administrative record in this case is very thorough. There is full documentation regarding the various positions that Mr. Fitzgerald held at both U.S. Trust and BOA. The record contains numerous emails and letters documenting Plaintiff's employment history and his reviews. Additionally, the Court finds that the Defendants do not have a conflict of interest. BOA and the Plan hold no residual interest in the assets of the Trust. The Bank makes contributions to the Trust on a pre-determined, fixed basis. A conflict of interest does not exist where the employer funds an ERISA plan through fixed contributions. Smathers v. Multi-Too, Inc./Multi-Plastics, Inc. Employee Health and Welfare Plan, 298 F.3d 191, 198-99 (3d Cir. 2002). The administrator in this case carefully reviewed the case and investigated all of Plaintiff's allegations. The record contains numerous documents about Plaintiff's failure to perform, his employment history and the Plan's requirements. The administrator's decision was not arbitrary and capricious; therefore, we grant summary judgment in favor of Defendants.